**NOT FOR PUBLICATION**

**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEW JERSEY**

```
─────────────────────────────
                            :
KARL MCCALLA,               :        Civil No. 01-4006 (DRD)
a/k/a FRANCIS NEWTON,       :
                            :
        Petitioner,         :
                            :        **O P I N I O N**
        v.                  :
                            :
CHARLES GREINER, et al.,    :
                            :
        Respondents.        :
─────────────────────────────
                            :
```

**APPEARANCES:**

> KARL MCCALLA #96B1943
> Green Haven Correctional Facility
> Drawer B
> Route 216
> Stormville, New York  12582
> Petitioner pro se

> JASON WU TRUJILLO, Assistant Prosecutor
> JOHN L. MOLINELLI, Bergen County Prosecutor
> Bergen County Justice Center
> Hackensack, New Jersey  07601
> Attorneys for Respondents

**DEBEVOISE**, District Judge

Karl McCalla, a prisoner who is confined at Green Haven

Correctional Facility in New York State, filed a Petition for a

Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254(a) challenging

a New Jersey sentence.[1]  Respondents filed an Answer, arguing

_____

[1] Pursuant to Mason v. Meyers, 208 F.3d 414 (3d Cir. 2000),
the Court notified Petitioner of the consequences of filing such
a Petition under the Antiterrorism and Effective Death Penalty
Act and gave him an opportunity to file one all-inclusive
Petition.  In response to the Mason Order, Walker asked the Court
(continued...)

that Petitioner is not entitled to habeas relief.  Petitioner
filed a Traverse.  For the reasons expressed below, the Court
dismisses the Petition on the merits and declines to issue a
certificate of appealability.  <u>See</u> 28 U.S.C. §§ 2253(c), 2254.

### I.  BACKGROUND

Petitioner challenges a judgment of conviction entered in
the Superior Court of New Jersey, Law Division, Bergen County, on
October 24, 1997, after a jury found him guilty of possession of
cocaine with intent to distribute in the first degree and
possession of cocaine.  The Court sentenced Petitioner to a term
of 50 years, consecutive to his New York sentence.  Petitioner
appealed and on February 18, 2000, the Appellate Division
affirmed the conviction and sentence.  On June 7, 2000, the
Supreme Court of New Jersey denied certification.

On August 14, 2001, Petitioner executed the § 2254 Petition
which is now before this Court.  The Clerk received the Petition
on August 21, 2001.  The Court notified Petitioner of the
consequences of filing such a Petition under the Antiterrorism
and Effective Death Penalty Act ("AEDPA") and gave him an
opportunity to withdraw the Petition and file one all-inclusive
Petition, pursuant to <u>Mason v. Meyers</u>, 208 F.3d 414 (3d Cir.
2000).  The Petition presents the following grounds:

-------------------

[1](...continued)
to rule on his Petition as filed.

> POINT 1:   DEFENDANT'S MOTION TO SUPPRESS THE
> EVIDENCE SHOULD HAVE BEEN GRANTED, BECAUSE
> HIS BEING ORDERED FROM THE CAR CONSTITUTED AN
> ILLEGAL SEIZURE VIOLATING THE UNITED STATES
> AND THE NEW JERSEY CONSTITUTIONS.
>
> POINT II:   DEFENDANT'S MOTION FOR A JUDGMENT
> OF ACQUITTAL SHOULD HAVE BEEN GRANTED.
>
> POINT III: DEFENDANT'S SENTENCE MUST BE
> MODIFIED [BECAUSE] THE TRIAL COURT ERRED BY
> IMPOSING AN EXTENDED TERM.

(Pet. Legal Argument.)

The State filed an Answer opposing the Petition, with copies of relevant portions of the state court record.  Respondents concede that the Petition is timely and the claims are fully exhausted.  Respondents argue that Petitioner's claims are not cognizable and, to the extent that they are cognizable, they do not warrant habeas relief.

Petitioner filed a Traverse in which he contends that he is entitled to a writ because the adjudication of his claims in the New Jersey courts resulted in a decision that was contrary to, or involved an unreasonable interpretation of, clearly established federal law, as determined by the Supreme Court of the United States.

## II.  STANDARD OF REVIEW

A habeas corpus petition must meet "heightened pleading requirements."  McFarland v. Scott, 512 U.S. 849, 856 (1994) (citing 28 U.S.C. § 2254 Rule 2(c)).  The petition must specify all the grounds for relief available to the petitioner, state the

3

facts supporting each ground, and state the relief requested.  28

U.S.C. § 2254 Rule 2(c)(1), (c)(2), (c)(3).

Section 2254(a) of Title 28 of the United States Code gives

the court jurisdiction to entertain a habeas petition challenging

a state conviction or sentence only where the inmate's custody

violates federal law:

> [A] district court shall entertain an
> application for a writ of habeas corpus in
> behalf of a person in custody pursuant to the
> judgment of a State court only on the ground
> that he is in custody in violation of the
> Constitution or laws or treaties of the
> United States.

28 U.S.C. § 2254(a).

A district court must give deference to determinations of

state courts.  Duncan v. Morton, 256 F.3d 189, 196 (3d Cir.),

cert. denied, 534 U.S. 919 (2001); Dickerson v. Vaughn, 90 F.3d

87, 90 (3d Cir. 1996).  Federal courts "must presume that the

factual findings of both state trial and appellate courts are

correct, a presumption that can only be overcome on the basis of

clear and convincing evidence to the contrary."  Stevens v.

Delaware Correctional Center, 295 F.3d 361, 368 (3d Cir. 2002).

Where a federal claim was "adjudicated on the merits"  in

state court proceedings, § 2254 does not permit habeas relief

unless adjudication of the claim

> (1) resulted in a decision that was contrary
> to, or involved an unreasonable application
> of, clearly established Federal Law, as

4

> determined by the Supreme Court of the United
> States; or
>
> (2) resulted in a decision that was based on
> an unreasonable determination of the facts in
> light of the evidence presented in the State
> court proceeding.

28 U.S.C. § 2254(d).

A decision is "'contrary to' a Supreme Court holding if the state court 'contradicts the governing law set forth in [the Supreme Court's] cases' or if it 'confronts a set of facts that are materially indistinguishable from a decision of th[e Supreme] Court and nevertheless arrives at a [different] result." Rompilla v. Horn, 355 F.3d 233, 250 (3d Cir. 2004) (quoting Williams v. Taylor, 529 U.S. 362, 405-06 (2000)).

Under the "'unreasonable application' clause, a federal habeas court may grant the writ if the state court identifies the correct governing legal principle from th[e Supreme] Court's decisions but unreasonably applies that principle to the facts of the prisoner's case." Williams, 529 U.S. at 413. Whether a state court's application of federal law is "unreasonable" must be judged objectively; an application may be incorrect, but still not unreasonable. Id. at 409-10.

### III.  DISCUSSION

A. Jurisdiction

"In conducting habeas review, a federal court is limited to deciding whether a conviction violated the Constitution, laws, or

treaties of the United States." Estelle v. McGuire, 502 U.S. 62, 67-68 (1991); 28 U.S.C. § 2254(a); accord Barry v. Bergen County Probation Dept., 128 F.3d 152, 159 (3d Cir. 1997).  "Federal courts hold no supervisory authority over state judicial proceedings and may intervene only to correct wrongs of constitutional dimension." Smith v. Phillips, 455 U.S. 209, 221 (1982).  "If a state prisoner alleges no deprivation of a federal right, § 2254 is simply inapplicable.  It is unnecessary in such a situation to inquire whether the prisoner preserved his claim before the state courts." Engle v. Isaac, 456 U.S. 107, 120 n.19 (1982).

In reviewing a § 2254 petition, a federal court is not permitted to address a federal constitutional claim pertinent to the facts of the case unless the petitioner asserts the claim as a ground for relief.[2]  Nor may the Court recharacterize a ground asserted under state law into a federal constitutional claim. See Baldwin v. Reese, 541 U.S. 27 (2004); Engle, 456 U.S. at 119-

---

[2] See, e.g., Withrow v. Williams, 507 U.S. 680, 695-96 (1993) (where habeas petition raised claim that the police had elicited petitioner's statements without satisfying Miranda, the district court erred when it "went beyond the habeas petition and found the statements [petitioner] made after receiving the Miranda warnings to be involuntary under due process criteria"); Baker v. Barbo, 177 F.3d 149, 156 n.7 (3d Cir. 1999) (where petition contains ground asserting the ineffective assistance of counsel during plea negotiations and trial, court is not permitted to  consider ground, evident from the facts but not raised in the petition, that appellate counsel was ineffective by failing to advise petitioner that he faced a longer sentence by appealing the conviction).

20 & n.19; <u>Kontakis v. Beyer</u>, 19 F.3d 110, 116-17 & n.10 (3d Cir. 1994).  "[E]rrors of state law cannot be repackaged as federal errors simply by citing the Due Process Clause."  <u>Johnson v. Rosemeyer</u>, 117 F.3d 104, 110 (3d Cir. 1997).  Moreover, "it is well established that a state court's misapplication of its own law does not generally raise a constitutional claim."  <u>Smith v. Horn</u>, 120 F.3d 400, 414 (3d Cir. 1997) (citations and internal quotation marks omitted); <u>see also</u> <u>Smith v. Zimmerman</u>, 768 F.2d 69, 71, 73 (3d Cir. 1985).

Petitioner's grounds are not cognizable under § 2254 because they do not present federal constitutional claims.  Ground One asserts that the order directing Petitioner to get out of the car constituted an illegal seizure in violation of the United States and New Jersey Constitutions.  However, in the argument Petitioner cites <u>Pennsylvania v. Mimms</u>, 434 U.S. 106 (1977), for the proposition that the Fourth Amendment reasonableness analysis does not prevent a police officer from compelling a driver to exit the vehicle during a traffic stop.  To support Ground One, Petitioner relies on the Supreme Court of New Jersey's determination in <u>State v. Smith</u>, 134 N.J. 599, 618 (1994), not to extend <u>Mimms</u> to passengers absent "specific and articulable facts that would warrant heightened caution."  Likewise, the Appellate Division opinion affirming Petitioner's conviction noted that, while the United States Constitution does not prohibit a police

7

officer from directing a passenger out of a vehicle as an incident of a traffic stop, (citing Maryland v. Wilson, 519 U.S. 408 (1997)), Petitioner's claim rested on the New Jersey Constitution.  See State v. Newton, A-1962-97T4 slip op. (Super. Ct. of N.J., App. Div. Feb. 18, 2000) (Answer, Ex. 11.)  Because Petitioner's claim is based on the New Jersey Constitution, this Court lacks jurisdiction over Ground One.[3]

In Ground Two, Petitioner argues that the trial court erred by denying his motion for judgment a acquittal at the close of the state's case.  Relying on State v. Reyes, 50 N.J. 454 (1967), State v. Shipp, 216 N.J. Super. 662 (App. Div. 1987), and other state cases, Petitioner argues that, because he was in a passenger in a car in which the police found drugs, the evidence was insufficient to support a finding of his knowing and intentional possession.

While a petitioner may assert a sufficiency of the evidence claim under the Due Process Clause of the Fourteenth Amendment, see Jackson v. Virginia, 443 U.S. 307, 318 (1979), Petitioner

---

[3] See Engle, 456 U.S. at 119-20 & n.19 (insofar as petitioners simply challenged the correctness of the self-defense instructions under state law, their petitions alleged no deprivation of federal rights and § 2254 was inapplicable); Kontakis v. Beyer, 19 F.3d 110, 116-17 & n.10 (3d Cir. 1994) (where petitioner asserted in § 2254 petition that the exclusion of testimony violated his rights under state law, federal court may not consider ground, not set forth in the petition, that exclusion of the testimony violated his federal due process rights).

does not raise such a claim.[4]  Petitioner neither mentions the Due Process Clause nor relies on any federal case.  And the case law which he cites interpret New Jersey law.  As the claim presented in Ground Two is based on New Jersey law, this Court lacks jurisdiction over the claim under § 2254.

In Ground Three, Petitioner asserts that the trial court erred by imposing a 50-year extended term as a persistent offender because the two prior convictions on which the state relied involved were not "committed at different times," as required by N.J. Stat. Ann. § 2C:44-3a.  Petitioner further argues in Ground Three that the trial court erred by considering inappropriate aggravating factors and failing to consider mitigating factors, contrary to New Jersey law.

Petitioner does not assert that his sentence violates the United States Constitution.  Moreover, absent a claim that a sentence constitutes cruel and unusual punishment prohibited by the Eighth Amendment or that it is arbitrary or otherwise in violation of due process, the legality of a sentence is a question of state law.  See Chapman v. United States, 500 U.S.

---

[4] In Jackson, the Supreme Court determined that, "in a challenge to a state criminal conviction brought under 28 U.S.C. § 2254 - if the settled procedural prerequisites for such a claim have otherwise been satisfied - the applicant is entitled to habeas corpus relief if it is found that upon the record evidence adduced at the trial no rational trier of fact could have found proof of guilt beyond a reasonable doubt."  Jackson, 443 U.S. at 324.

453, 465 (1991); <u>Gryger v. Burke</u>, 334 U.S. 728, 731 (1948); <u>Jones v. Superintendent of Rahway State Prison</u>, 725 F.2d 40, 42-43 (3d Cir. 1984).  Ground Three is not cognizable under § 2254 because it does not assert a federal constitutional claim.

The Court has thoroughly reviewed each of the grounds raised in the Petition and determined that habeas relief is not warranted.  The Court will therefore dismiss the Petition.

<u>C.  Certificate of Appealability</u>

The Court denies a certificate of appealability because Petitioner has not made "a substantial showing of the denial of a constitutional right" under 28 U.S.C. § 2253(c)(2).  <u>See</u> <u>Miller-El v. Cockrell</u>, 537 U.S. 322 (2003).

## IV.  CONCLUSION

Based on the foregoing, the Court dismisses the Petition and declines to issue a certificate of appealability under 28 U.S.C. § 2253(c).


<u>/s/ Dickinson R. Debevoise</u>
DICKINSON R. DEBEVOISE, U.S.D.J.


DATED:   <u>October 3, 2005</u>